OPINION OF THE COURT
Gerald Sheindlin, J.
The petitioner, by writ of habeas corpus, moves to vacate *179 the parole warrant and to be restored to parole supervision. He claims that the preliminary hearing held on February 3, 1992 was invalid. For the reasons set forth below, the petition is denied.
Petitioner was released to parole supervision on December 20, 1990 with an original maximum expiration date of December 20, 2000. On June 13, 1991, petitioner was arrested and charged with, inter alla, attempted murder. He was detained on $50,000 bail at the Manhattan House of Detention.
On July 10, 1991, Assistant District Attorney (A.D.A.) Zachary Weiss requested that the Division of Parole (hereinafter the Division) delay its delinquency proceedings during the pendency of the court case. On July 31, 1991 Parole Officer Bauer submitted her recommendation to the Board of Parole requesting that “since the A.D.A. requested that the Division not subpoena the arresting officer pending court action and since the officer’s testimony was necessary for the Division to prove the charges, the parole officer recommended no delinquency pending court action.” Thereafter, on August 9, 1991, Commissioner McNiff approved the parole officer’s report and consequently no declaration of delinquency was filed against petitioner at that time.
On January 22, 1992 petitioner moved, pursuant to CPL 30.30 (2) (a) to dismiss the indictment on the grounds that the People failed to announce their readiness to proceed to trial within the statutory period. On January 24, 1992, A.D.A. Weiss advised Parole Officer Bauer that the arresting officer was now available to testify. Thereafter, on January 27, 1992 the Division lodged the parole warrant and petitioner requested a preliminary hearing. On January 29, 1992 petitioner’s CPL 30.30 motion was granted and the indictment dismissed. On February 3, 1992 a preliminary hearing was held and probable cause found.
Petitioner now contends that the preliminary hearing was invalid because the parole officer who issued the underlying parole warrant had no authority to do so. Specifically, he claims that once the Board of Parole approved the parole officer’s recommendation of “no delinquency pending court action,” Parole Officer Bauer could not later initiate delinquency proceedings against petitioner without prior approval of the Commissioner of the State Board of Parole, or until the conclusion of the court action. The petitioner cites the Division of Parole Rules and Regulations (9 NYCRR part 8004) *180 and the New York State Department of Parole Manual in support of his position.
Petitioner’s reliance on the aforesaid provisions is unpersuasive. Section 8004.2 (d) (2), in pertinent part, provides that: "If a releasee is arrested for a felony and held for court action, a warrant for retaking and temporary detention shall be filed against him, except as otherwise directed by the area supervisor, where there is good cause shown for not filing the warrant or where it otherwise appears that there is insufficient evidence available to the board to institute revocation proceedings.” (Emphasis added.) It is undisputed that the parole officer was acting pursuant to this provision when she submitted the "no delinquency” report to the Board. However, there is no statutory or case law which suggests that this particular provision overrides or negates a parole officer’s statutory authority to issue a warrant if the parole officer has reasonable cause to believe that the parolee has violated one of the conditions of release. (See, Executive Law § 259-i [3] [a] [i].) Indeed, the purpose of section 8004.2 is not to restrict a parole officer’s ability to issue a warrant. Rather, it is a procedure for maintaining a record of cases where no such action is taken. In essence, if and when a parole officer decides not to issue a warrant, the parole officer must comply with the procedures set forth in section 8004.2 to explain the inaction. It does not, however, prohibit the parole officer from taking action on a later date. The record is clear that the Board’s decision to issue a "no delinquency pending court action” report was not a final determination or a substantive decision on the merits. It is merely a postponement of any delinquency action until the arresting officer becomes available to testify. The parole officer’s recommendation to the Board clearly stated that the reason for delaying the parole proceedings was to await the availability of the arresting officer. Accordingly, the Board was aware that the delinquency proceedings would be commenced as soon as the arresting officer became available.
This court concludes that the parole officer acted well within the scope of statutory authority in issuing the parole warrant. Thus, the preliminary hearing held on February 3, 1992 was valid.
Accordingly, this writ of habeas corpus is hereby dismissed.